IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID SCHLUETER, *et al.*, | : | Case No. 1:16-cv-00299 |
| | : | |
| Plaintiffs, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | **ORDER GRANTING** |
| | : | **DEFENDANT'S MOTION TO** |
| CITY OF HAMILTON, OHIO, | : | **DISMISS COUNT I OF THE** |
| | : | **COMPLAINT PURSUANT TO RULE** |
| Defendant. | : | **12(b)(1)** |

This matter is before the Court on Defendant's Motion to Dismiss Count I of the Complaint pursuant to Rule 12(b)(1). (Doc. 12.) Plaintiffs have filed a memorandum in opposition (Doc. 18), to which Defendant has replied (Doc. 22). For the reasons that follow, Defendant's Motion will be GRANTED.

**I.     BACKGROUND**[1]

Plaintiff David Schlueter ("Schlueter") was employed as an Electric Distribution Troubleshooter by Defendant City of Hamilton, Ohio ("City") until his discharge on October 16, 2014. A member of Plaintiff International Brotherhood of Electrical Workers, Local 648 ("IBEW Local 648"), Schlueter grieved his discharge in accord with the collective bargaining agreement. The City denied the grievance at each step of the grievance procedure and the matter proceeded to arbitration. On January 5, 2016, Arbitrator Jerry Fullmer sustained the grievance and ordered the City to reinstate Schlueter immediately with back pay.

The City did *not* reinstate Schlueter, prompting him and IBEW Local 648 to file the instant civil action on February 10, 2016. (*See* Doc. 1.) In Count I, IBEW Local 648 asks this

---
[1] The Court has drawn the background facts from Plaintiffs' Complaint (Doc. 1) unless otherwise indicated.

1

Court to confirm the arbitration award. (*Id.* at PageID 6.) In Count II, Schlueter alleges that, in multiple workweeks since February 10, 2013, the City failed to pay him the proper overtime premium for hours worked in excess of forty hours as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. (*Id.* at PageID 6--7.) Finally, Count III alleges "Prompt Pay Violations" with respect to the back pay ordered and overtime purportedly owed and, to this end, Schlueter seeks liquidated damages under Ohio Rev. Code § 4113.15(B). (*Id.* at PageID 7--8.) The following day, on February 11, 2016, IBEW Local 648 filed its Motion for Summary Judgment on Count I of the Complaint and to Confirm Arbitration Award. (*See* Doc. 4.)

On March 28, 2016, the City filed the instant Rule 12(b)(1) Motion[2] as well as a Motion to Stay any further briefing on IBEW Local 648's Motion to Confirm. (*See* Doc. 13.)[3] That same day the City also filed a Motion to Vacate the Arbitration Award in the Court of Common Pleas for Butler County, Ohio, which IBEW Local 648 subsequently removed to this Court. (*See City of Hamilton, Ohio v. Int'l Bhd. of Elec. Workers, Local 648*, Case No. 1:16-cv-00483 (Docs. 1 & 1-1).) Pending in this related case is not only the Motion to Vacate, but also a Motion to Remand. (*Id.* (Docs. 3, 7).)

## II.     STANDARD OF LAW

Rule 12(b)(1) authorizes dismissal of a claim when a court lacks jurisdiction over its subject-matter. *See* Fed. R. Civ. P. 12(b)(1). And it is the plaintiff's burden to prove jurisdiction "in order to survive [such a] motion." *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (*citing Rogers v. Stratton Indust., Inc.*, 798 F.2d 913, 915 (6th Cir.

---

[2] The City does not challenge this Court's original subject-matter jurisdiction over Count II. (*See* Doc. 12 at PageID 148 n.1 & 150.) Regarding Count III, the City simply notes that it "cannot form the basis for supplemental federal jurisdiction" vis-à-vis Count I. (*Id.*)
[3] This Court granted the City's Motion to Stay on March 30, 2016. (Doc. 15.)

1986)). If necessary, a court "may look beyond the jurisdictional allegations in the complaint and consider submitted evidence." *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012).

### III. ANALYSIS

Defendant's position is straightforward. Section 301 of the Labor Management Relations Act ("LMRA") confers jurisdiction on federal district courts in suits "for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Excluded, however, from the term "employer" is "any State or political subdivision thereof." *Id.* § 152(2); *see Police Dep't of City of Chicago v. Mosley*, 408 U.S. 92, 102 n.9 (1972). Thus, no federal jurisdiction exists in an action brought by a union against a local government employer. *City of Saginaw v. Service Employees Int'l Union, Local 446-M*, 720 F.2d 459, 462 (6th Cir. 1983). The City of Hamilton obviously is a political subdivision of the State of Ohio. As such, then, Section 301 is unavailable to IBEW Local 648 as a means to enforce Arbitrator Fullmer's award.

Plaintiffs concede this point, but maintains that this Court has supplemental jurisdiction over Count I by virtue of Schlueter's FLSA claims pled in Count II. (*See* Doc. 18 at PageID at 167–68.) Alternatively, they contend that any ruling concerning the award now requires "resolution of a substantial question of federal law" by virtue of the City's invocation of the Fourth Amendment in support of its Motion to Vacate pending in the removed case. (*Id.* at PageID 168–69.) Neither argument is well-taken.

Supplemental jurisdiction exists only when the claim at issue is "so related" to the claim over which a district court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This correlation is patently absent here. Count I is a claim brought by IBEW Local 648 that seeks confirmation of an arbitration award rendered pursuant to a collective bargaining agreement. In

3

particular, it asks the Court to enforce Arbitrator Fullmer's decision that Schlueter be reinstated with back pay based on his determination that the City did not consistently enforce its rule prohibiting employees from bringing guns onto their work premises. (*See* Doc. 4-3 at PageID 126–30.) This circumstance has *no* relation to the facts alleged in Count II, namely the City's failure to pay Schlueter an overtime premium—as required by federal statute—for all hours worked in excess of forty hours in multiple workweeks between February 10, 2013 and October 16, 2014. Both claims admittedly arise in the employment context, yet they are otherwise very *separate* disputes. Plaintiffs' theory is nothing more than a poorly disguised attempt to "end run" the public employer exception to the LMRA.

The Court is equally unimpressed with the suggestion that any ruling on the City's Motion to Vacate in the removed case, or, conversely, IBEW Local 648's Motion to Confirm in the instant one, will involve a "substantial" federal question. In granting Schlueter's grievance, as indicated, Arbitrator Fullmer set aside his termination and ordered that he receive back pay. But he also "accorded" to the City the right to "search [Schlueter's] person for weapons at any time while he is on [City] property or is working for the [City]." (*Id.* at 128–29.) This right to search includes not only Schlueter's person, but also his car, desk, and locker. (*Id.* at 129.) In support of its Motion to Vacate, the City argues in part that the arbitrator lacked authority to craft such a remedy because it supplants Schlueter's Fourth Amendment rights. (*See City of Hamilton, Ohio*, *supra* (Doc. 3-2 at PageID 251–54).) In Plaintiffs' view, this invocation of the federal Constitution confers jurisdiction on this Court. Not so.

Instructive is *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986). Two products liability cases originally were filed in state court. Damages were sought under a variety of common law theories, among them negligence. *Id.* at 805. In connection therewith, the

4

plaintiffs alleged that the defendant misbranded the drug it manufactured and distributed in violation of the Federal Food, Drug, and Cosmetic Act ("FDAC"), which, in turn, created a "rebuttable presumption" of negligence and was the "proximate cause" of their injuries. *Id.* at 805–06. The defendant removed both cases to federal court, where they eventually were consolidated. *Id.* at 806. The plaintiffs' motion to remand was denied by the trial court, but the Court of Appeals for the Sixth Circuit reversed. *Id.* The Supreme Court affirmed, endorsing again the "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Id.* at 807, 813. Two considerations steered the Court's ruling: the "necessary assumption" that the FDCA does *not* allow for a federal private cause of action and a balance-of-powers deference to congressional intent. *Id.* at 812. Accordingly, the Court concluded that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* at 817 (quoting 28 U.S.C. § 1331).

      Precisely the same logic applies here. As previously discussed, there is no *federal* statute allowing a union to file suit against a state public employer to confirm and enforce an arbitration award. Indeed, Congress specifically *excluded* local governments from its definition of "employer" in the LMRA. 29 U.S.C. § 152(2). Congressional intent could not be clearer. Prudence and restraint dictate that we not assume jurisdiction based on the Fourth Amendment concerns raised by the City with respect to the enforceability of Arbitrator Fullmer's award. To rule otherwise would nullify the public employer exception to the LMRA. Without question, the

5

proper court to decide if the arbitrator exceeded his authority is the Butler County Court of Common Pleas. *See* Ohio Rev. Code §§ 2711.09–2711.16.

## IV. CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Dismiss Count I of the Complaint pursuant to Rule 12(b)(1) (Doc. 12) is hereby **GRANTED**. Consequently, Plaintiff IBEW Local 648's Motion for Summary Judgment on Count I of the Complaint and to Confirm Arbitration Award (Doc. 4) is **DENIED AS MOOT**. Once briefing is complete with respect to Plaintiff's Motion to Remand in *City of Hamilton, Ohio v. Int'l Bhd. of Elec. Workers, Local 648*, Case No. 1:16-cv-00483 (Doc.7), the Court will issue a ruling consistent with this Order.

**IT IS SO ORDERED**.

Dated:  __05/27/16____          _s/Susan J. Dlott_____
                                 Judge Susan J. Dlott
                                 United States District Court